IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SOUTHERN STAR CENTRAL GAS )
PIPELINE, INC., )
 )
          Plaintiff, )
 ) CIVIL ACTION
v. )
 ) No. 09-2435-CM
 )
LANCE D. FREDERICK, )
LYNETTE K. FREDERICK, )
CONNIE JO FREDERICK, )
LYONS FEDERAL SAVINGS, )
ASSOCIATION, and )
UNKNOWN OTHER PERSONS, )
 )
          Defendants. )
 )

## MEMORANDUM AND ORDER

Plaintiff Southern Star Central Gas Pipeline, Inc. brings this condemnation action against defendants Lance D. Frederick, Lynette K. Frederick, Connie Jo Frederick, Lyons Federal Savings, Association, and unknown other persons. On August 19, 2009, plaintiff filed its complaint and designated Kansas City as the place of trial. Currently pending before the court is defendants' Motion for Determination of Place of Trial (Doc. 6). In their motion, defendants request that the court transfer this matter to the United States District Court for the District of Kansas in Wichita, Kansas.

**I.    Legal Standard**

The court is not bound by the parties' requests for place of trial and may determine the place of trial at its own discretion or upon motion by a party. D. Kan. Rule 40.2. Change of venue is governed by 28 U.S.C. § 1404(a). Because Kansas constitutes only one judicial district and division, 28 U.S.C. § 1404(a) is, on its face, inapplicable to defendant's request for intra-district transfer. *Smith v. Staffmark Temporary Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22,

-1-

2007). The courts in this district, however, often look to the factors set forth in 28 U.S.C. § 1404(a) when considering a request for intra-district transfer. *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 WL 1173053, at *1 (D. Kan. Apr. 19, 2007). Those factors include "plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and 'all other considerations of a practical nature that make a trial easy, expeditious and economical.'" *Smith*, 2007 WL 2436669, at *1 (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). Unless these factors weigh strongly in the defendant's favor, the "plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)). Defendant, as the party moving to transfer the case, bears the burden of establishing that the existing forum is inconvenient. *Smith*, 2007 WL 2436669, at *1.

**II.    Analysis**

   *A.     Plaintiff's Choice of Forum*

Although the court considers plaintiff's choice of forum, plaintiff's choice is given less weight because it is not its place of residence. *Baker v. Via Christi Reg'l Med. Ctr.*, No. 06-2168-KHV, 2007 WL 913925, at *2 (D. Kan. Mar. 23, 2007). "In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates." *Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *2 (D. Kan. Apr. 18, 2007) (citations omitted). In this case, plaintiff is a corporation headquartered in Owensboro, Kentucky and the land at issue is in Rice County, Kansas, west of Wichita. This factor "is not a significantly more weighty factor than any of the other factors considered here, particularly when the forum's connection to the case is

obscure and the forum's connection to the plaintiff is even more so." *Id.* (quotation omitted). Accordingly, this factor is neutral.

### B. *Convenience and Accessibility of the Witnesses and Other Sources of Proof*

Defendant argues that this factor weighs in favor of transferring this case to Wichita for several reasons. First, defendants are landowners that live 80 miles west of Wichita and are engaged in farming for their primary livelihood. They live near enough to Wichita that they could commute to trial on a daily basis. A trial in Kansas City would require them to travel several hours and stay overnight. Second, the land at issue is closer to Wichita than Kansas City. Third, defendants' counsel is located in Wichita, as is plaintiff's counsel's main office. Plaintiff argues that Kansas City is a more convenient forum because (1) it is more convenient for its corporate representatives to travel from Kentucky to Kansas City; (2) it will be using employees and resources from its district offices in Johnson County, Tonganoxie, and Ottawa; (3) its expert witness resides in Johnson County; (4) its lead counsel offices out of the firm's Kansas City office. According to the parties, there will be very few witnesses.

Defendants live 80 miles northwest of Wichita and 230 miles from Kansas City. Travel to Kansas City would be very inconvenient for defendants, who are likely to be among the few witnesses. Defendants would have to travel several hours each way to testify and would have to stay overnight if their testimony spanned more than a day. Moreover, as defendants in this matter, they are likely to be at trial every day. Plaintiff's corporate representatives have to travel from Kentucky regardless of whether the trial is in Kansas City or Wichita. Defendants represent that there is no direct flight from Owensboro, Kentucky to either location. Plaintiff suggests that it will use resources and employees from its Kansas City area district offices, but it does not suggest that relevant witnesses or records are located in these offices. Although neither location is ideal for the parties,

Wichita is at least more convenient for several parties. Further, the land in dispute is located closer to Wichita. The only witness that is located in Kansas City is plaintiff's expert. Defendants have not selected an expert so it is unknown which location will be more convenient for that witness.

Similarly, neither location is perfect for the convenience of counsel. However, both counsel have offices in Wichita. The court recognizes that plaintiff's lead counsel is in her firm's Kansas City office, but the firm's main office is in Wichita. Thus, all counsel should have equal access to resources and support staff in Wichita.

For these reasons, the court finds that this factor weighs in favor of defendants.

### C. *Fair Trial*

Defendants suggest that they are more likely to get a jury of their peers in Wichita because the jury would be drawn from mid-Kansas, including the county where the land is located. The court finds this argument unpersuasive. The issues in this case can be competently decided by a jury in either Kansas City or Wichita. The court finds that this factor does not weigh in favor of either party or location.

### D. *All Considerations*

In this case, all other considerations of a practical nature that make a trial easy, expeditious and economical are either neutral or favor transferring the case to Wichita. After weighing all the relevant factors, the court finds that the convenience of Wichita outweighs the inconvenience of Kansas City and concludes that the case should be transferred to Wichita.

**IT IS THEREFORE ORDERED** defendant's Motion for Determination of Place of Trial (Doc. 6) is granted.

Dated this 19<u>th</u> day of February 2010, at Kansas City, Kansas.

s/ Carlos Murguia<br>
**CARLOS MURGUIA**<br>
**United States District Judge**